Counsel of Record:
Mark K. Schonfeld (MS-2798)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
3 World Financial Center, Room 4300
New York, NY 10281
(212) 336-1020
(212) 336-1322 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

RAVI V. KOTHARE,
STERLING CAPITAL PLANNERS, INC.,
S.F. ADVISORS, LLC D/B/A AFFINITY CLUB
NETWORK, LLC, and
PLAYERS CHOICE CLUB, LLC,

        Defendants.

07 Civ. 954 (LTS)

---------------------------------------------------------------x

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission for an Order:

(1) directing defendants Ravi V. Kothare ("Kothare"), Sterling Capital Planners, Inc. ("Sterling"), S.F. Advisors, LLC d/b/a Affinity Club Network, LLC ("Affinity") and Players Choice Club, LLC ("Players Choice" or the "Club") (collectively the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(a) preliminarily enjoining Defendants Kothare and Sterling from violating Sections 204, 206(1), 206(2), 206(4) and 207 of the Investment Advisers Act of 1940 (the "Advisers Act") and Rules 204-2 and 206(4)-2 thereunder;

(b) preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder;

(c) freezing the Defendants' assets;

(d) directing the Defendants to provide verified accountings;

(e) appointing receivers for Players Choice and Sterling; and

(e) prohibiting the destruction, alteration or concealment of documents.

(2) pending adjudication of the foregoing, an Order:

(a) temporarily restraining the Defendants from violating the aforementioned statutes and rules;

(b) freezing the Defendants' assets;

(c) directing each of the Defendants to immediately provide the verified accountings;

(d) appointing temporary receivers for Players Choice and Sterling;

(d) prohibiting the destruction, alteration or concealment of documents; and

(e) providing that the parties may take expedited discovery in preparation for a preliminary injunction hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on February 9, 2007; (2) the Declaration of John Bulla, executed on February 8, 2007 and the Exhibits thereto including the Declaration of Cynthia Ann Bellack, executed on February 2, 2007, the Declaration

of Stacy MacDonald, executed on February 3, 2007 and the Declaration of Mark and Leslie Zagarola, executed on February 2, 2007; (3) the Declaration of Doria Stetch pursuant to Local Rule 6.1, executed on February 9, 2007; (4) the Declaration of Louis M. Laurino, executed on February 7, 2007; and (5) the memorandum of law in support of Plaintiff Commission's application, dated February 8, 2007.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 209(d) of the Advisers Act, Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1. It appears from the evidence presented that Defendants Kothare and Sterling have violated, and, unless temporarily restrained, will continue to violate, Sections 204, 206(1), 206(2), 206(4) and 207 of the Advisers Act and Rules 204-2 and 206(4)-2 thereunder as charged in the Complaint.

2. It appears from the evidence presented that the Defendants have violated, and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint.

3. It appears that the Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo*, to protect investors and clients of the Defendants from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits

from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

4. It appears that an order requiring each of the Defendants to provide a verified accounting of their assets, money and property held directly or indirectly by the Defendants, or by others for the direct and indirect beneficial interest of the Defendants, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

5. It appears that the Defendants may attempt to destroy, alter or conceal documents.

6. It appears that the appointment of a receiver for the Club and Sterling is necessary to: (i) preserve the status quo, (ii) ascertain the true financial condition of the Club and Sterling and the disposition of investor funds; (iii) prevent further dissipation of the property and assets of the Club and Sterling; (iv) prevent the encumbrance or disposal of property or assets of the Club and Sterling and the investors; (v) preserve the books, records and documents of the Club and Sterling; (vi) bring the Club and Sterling into compliance with the law; (vii) be available to respond to investor inquiries; (viii) protect Sterling's clients' assets; and (ix) determine whether the Club and Sterling should undertake bankruptcy filings.

7. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

8. This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

## I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at **9:30 A**.m. on the **8th** day of **March** 2007, in Room **17C** of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 209 of the Advisers Act, Section 20 of the Securities Act and Section 21 of the Exchange Act, preliminarily enjoining (1) Defendants Kothare and Sterling from violating Sections 204, 206(1), 206(2), 206(4) and 207 of the Advisers Act and Rules 204-2 and 206(4)-2 thereunder; and (2) the Defendants from violating Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendants (the "Affiliated Entities"), whether held

in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Name of Account Holder |
| --- | --- | --- |
| TD Banknorth, N.A | 398-0777861 | Sterling Capital Planners, Inc. |
| TD Banknorth, N.A | 3982422253 | |
| TD Banknorth, N.A | 3982422596 | |
| TD Banknorth, N.A | 3980778077 | MBP Associates, Inc. |
| TD Banknorth, N.A | 3981070716 | |
| Wachovia Securities, LLC | 8290-9717 | Sterling Capital Planners, Inc. |
| TD Ameritrade Institutional | 507-12605-1-6 | Sterling Capital Planners, Inc. |
| Deutsche Bank - Private Wealth Management | 42-920-737 | Sterling Capital Planners, Inc. |
| Hudson United Bank | 3980778077 | MBP Associates, Inc. |
| TD Ameritrade Institutional | 507-12698-1-4 | Ravi V. Kothare PS TST Account |
| Deutsche Bank Securities, Inc. | 5XM-823210 | Ravi V. Kothare |

### III.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity

6

acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the Plaintiff Commission and the Receiver to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, Sterling client accounts, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations.

three (3) business ~~IV.~~

IT IS FURTHER ORDERED that the Defendants show cause at that time why this Court should not also enter an Order directing each of the Defendants to serve upon Plaintiff Commission, within ~~fourteen (14) calendar~~ days, or within such extension of time as the Commission agrees to, a verified written accounting signed by the Defendant and the officer or employee of the Defendant who is most knowledgeable about the assets, liabilities and general financial condition of the Defendant, if any, under penalty of perjury, which updates each accounting to be provided by each Defendant of the assets and liabilities of each Defendant. Each of the Defendants shall serve such sworn updated written accountings by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Doria Stetch Bachenheimer, Esq., Securities and Exchange Commission, 3 World Financial Center, New York, NY 10281. If, in connection with satisfying the Defendants' obligations under this paragraph, Defendant Kothare shall require access to the books and records of the Club, Sterling

7

or any of the Affiliated Entities, and such books and records are located at the offices of the Club or Sterling, the receiver, in response to any reasonable request by Defendant Kothare, will provide Defendant Kothare with copies of such records.

V.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on the Commission, within three (3) business days following service of this Order, a list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and the name and number on the account), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from November 1, 2004 to the present.

VI.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order appointing or continuing the appointment of a receiver for the Club and Sterling to (1) preserve the *status quo*; (2) ascertain the true financial condition of the Club and Sterling, and the disposition of investor funds; (3) prevent further dissipation of the property and assets of the Club and Sterling; (4) prevent the encumbrance or disposal of property or assets of the Club and Sterling and the investors; (5) preserve the books, records, and documents of the Club and Sterling; (6) bring the Club and Sterling into compliance with the

law; (7) be available to respond to investor inquiries; (8) protect Sterling's clients' accounts; and (9) determine if the Club and Sterling should undertake bankruptcy filings.

To effectuate the foregoing, the receiver would be empowered to:

(a) Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of the Club and Sterling, and the rights and powers of it with respect thereto;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of the Club and Sterling;

(c) Pay from available funds necessary business expenses required to preserve the assets and property of the Club and its investors and Sterling and its clients, including the books, records, and documents of the Club and Sterling, notwithstanding the asset freeze imposed by paragraph II, above;

(d) Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(e) Take preliminary steps to ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities issued by the Club;

(f) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g) Make, demand, file or otherwise handle any claim under any insurance policy held by or issued on behalf of the Club and Sterling, or their officers, directors, agents,

9

employees, trustees or other person affiliated with them, and to take any and all steps in connection with such policies;

(h) Report to the Court and the parties by March 12, 2007, subject to such reasonable extensions as the Court may grant, the following information:

1. All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of the Club and Sterling, including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

2. All assets, money, funds, securities and real or personal property received by the Club and Sterling, at any time from November 1, 2004, to the date of the accounting, describing the source, amount, disposition and current location of each of the assets listed;

3. All liabilities of the Club and Sterling, including, but not limited to, amounts then owed directly or indirectly to investors, creditors, or lien holders, identifying as to each such obligation, the amount owed and the investor, creditor or lien holder to whom the obligation runs;

(i) If appropriate, file for relief and protection under the federal Bankruptcy Code, on behalf of the Club and Sterling, after notice to all parties in this action;

(j) Take discovery in this action without further order of the Court; and

(k) Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the receiver.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Kothare, Sterling, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert:

1. employing any devices, schemes, or artifice to defraud;

2. obtaining any money or property by means of, or otherwise making, any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any act, transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, the advisory client, or any other person; or

4. engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2), and 206(4) of the Advisers Act, as defined in Rule 206(4)-2.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Players Choice, its agents, servants,

employees, and attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

## IX.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Kothare, Sterling, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, making any untrue statement of material fact in any registration, application, or any report filed with the Commission, or willfully omitting to state in any such application or report any material fact required to be stated herein, in violation of Section 207 of the Advisers Act.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Kothare, Sterling, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from failing, directly or indirectly, singly or in concert, to make or to keep true, accurate, complete, and current books and records, to maintain certain other records for a period of five years and to maintain such records for the most recent two years on the premises of the investment adviser, in violation of Section 204 of the Advisers Act and Rule 204-2 thereunder.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, the Affiliated Entities, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist

13

[Handwritten insertion at top, spanning into right margin:] Notwithstanding the foregoing provisions of this paragraph #XI, Defendant Kothare may expend up to $11,000 per month of his personal assets for reasonable living expenses for himself and his immediate family. Defendant Kothare shall within one week from the date of this order, serve upon the SEC and submit to the court for filing under seal an accounting detailing his personal assets and monthly expenses for self and family.

and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts.

| Institution | Account Number | Name of Account Holder |
|---|---|---|
| TD Banknorth, N.A | 398-0777861 | |
| TD Banknorth, N.A | 3982422253 | Sterling Capital Planners, Inc. |
| TD Banknorth, N.A | 3982422596 | |
| TD Banknorth, N.A | 3980778077 | |
| TD Banknorth, N.A | 3981070716 | MBP Associates, Inc. |
| Wachovia Securities, LLC | 8290-9717 | |
| TD Ameritrade Institutional | 507-12605-1-6 | Sterling Capital Planners, Inc. |
| Deutsche Bank - Private Wealth Management | 42-920-737 | Sterling Capital Planners, Inc. |
| Hudson United Bank | 3980778077 | Sterling Capital Planners, Inc. |
| TD Ameritrade Institutional | 507-12698-1-4 | MBP Associates, Inc. |
| Deutsche Bank Securities, Inc. | 5XM-823210 | Ravi V. Kothare PS TST Account |
| | | Ravi V. Kothare |

[Handwritten: pg 7]

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from

14

destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission and the Receiver to any and all documents, books, and records that are in the possession, custody or control of the Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendants' finances or business operations, or the offer, purchase or sale of Players Choice securities and the use of proceeds therefrom; and (2) ordered to provide all reasonable cooperation to the receiver in carrying out his duties set forth herein.

XIII.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each of the Defendants shall file with this Court and serve upon Plaintiff Commission, within ~~three (3) business~~ fourteen (14) calendar days, or within such extension of time as the Commission agrees to, a verified written accounting signed by each Defendant, and the officer or employee of the Defendant who is most knowledgeable about the assets, liabilities and general financial condition of the Defendant, if any, under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its

15

current location and amount;

(2) All money, property, assets and income received by each such Defendant for his direct or indirect benefit from the other Defendants, at any time from November 1, 2004 through the date of such accounting, describing the amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each Defendant; and

(4) All assets, funds, securities and real or personal property invested by each such Defendant, or any other person controlled by them, on behalf of Sterling clients or themselves in connection with the offer, purchase or sale of units of Players Choice from November 1, 2004 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

Each Defendant and the officer or employee of the defendant who is most knowledgeable about the assets, liabilities and general financial condition of the Defendant, if any, shall verify the Defendant's accounting and serve such sworn statements of asset identifying information by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Doria Stetch Bachenheimer, Esq., Securities and Exchange Commission, 3 World Financial Center, New York, NY 10281. Regardless of the appointment of temporary receiverships over Player's Club and Sterling, defendant Kothare must provide to the Court and plaintiff accountings for Sterling and Players Choice and its financial condition as of the date of this order. Defendant Kothare can arrange for access to the books and records of Sterling and

Players Choice by contacting the above-named receiver and arranging for access to copies to such books and records for purposes of doing the accounting for Players Choice and Sterling.

XIV.

IT IS FURTHER ORDERED that Arthur Steinberg, Esq, of New York, New York, pending further order of this Court, be and hereby is appointed to act as receiver for the Club and Sterling to (1) preserve the *status quo*; (2) ascertain the true financial condition of Club and Sterling and the disposition of investor funds; (3) prevent further dissipation of the property and assets of Club and Sterling; (4) prevent the encumbrance or disposal of property or assets of Club and Sterling and the investors; (5) preserve the books, records and documents of Club and Sterling; (6) bring Club and Sterling into compliance with the law; (7) be available to respond to investor inquiries; (8) protect Sterling's clients' accounts; and (9) determine if Club and Sterling should undertake a bankruptcy filing. To effectuate the foregoing, the receiver is hereby empowered to:

(a) Take and retain immediate possession and control of all of the assets and property of Club and Sterling, and all books, records and documents of Club and Sterling, and the rights and powers of it with respect thereto;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of Club and Sterling;

(c) Pay from available funds necessary business expenses required to preserve the assets and property of Club and its investors and Sterling and its clients, including the books, records, and documents of Club and Sterling, notwithstanding the asset freeze imposed by paragraph 11, above;

(d) Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(e) Take preliminary steps to ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities issued by Club and Sterling;

(f) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g) Make, demand, file or otherwise handle any claim under any insurance policy held by or issued on behalf of Club and Sterling, or its officers, directors, agents, employees, trustees or other person affiliated with it, and to take any and all steps in connection with such policies; and

(h) Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the receiver.

*[handwritten insertion: The SEC shall promptly cause to be filed written confirmation of the Receiver's acceptance of this appointment.]*

XV.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets.

XVI.

**IT IS FURTHER ORDERED** that the Defendants shall pay the reasonable costs, fees and expenses of the receiver incurred in connection with the performance of his duties described herein, including, but not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the receiver to assist him in carrying out his duties and

18

obligations. All applications for costs, fees and expenses of the receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses.

## XVII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

(1) Take depositions, subject to two (2) calendar days' notice by facsimile or otherwise;

(2) Obtain the production of documents, within three (3) calendar days from service by facsimile or otherwise of a request or subpoena from any persons or entities, including non-party witnesses; and

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney.

## XVIII.

**IT IS FURTHER ORDERED** that a copy of this Order *and the summons and complaint* and the papers supporting the Commission's Application be served upon the Defendants on or before _5pm_, February _20_, 2007, by personal delivery, facsimile, overnight courier, or first-class mail.

## XIX.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than _4 pm_, February _26_ 2007,

19

at 4:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the Northeast Regional Office of the Commission at 3 World Financial Center, Room 4300, New York, New York 10281, Attn: Doria Stetch Bachenheimer, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until ~~4pm~~ , ~~February~~ March 5, 2007, ~~at 5:00 p.m.~~, to serve, by the most expeditious means available, any reply papers upon the Defendants, or upon their counsel, if counsel shall have made an appearance in this action.

[Handwritten annotation: The papers shall contemporaneously be filed with the Court, with courtesy copies for chambers.]

## XX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at: 2 : 50 p.m.
February 9, 2007
New York, New York

20